IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JUSTIN WALKER, ) | |
| AIS #266108, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:16-CV-528-WKW |
| ) | |
| KARLA JONES, ) | |
| ) | |
| Defendant. ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint received from Justin Walker ("Walker"), a state inmate, on June 30, 2016. In the complaint, Walker alleges that the defendant, the warden at Ventress Correctional Facility ("Ventress"), failed to protect him from physical and sexual assaults committed by four black inmates. Doc. 1 at 3. Walker contends that these assaults occurred as the result of his failed attempt to have a controlled substance smuggled to him inside the facility via his legal mail and for which these inmates sought retribution "for the cost of the lost dope." Doc. 3 at 3. Finally, Walker maintains that prior to the aforementioned assaults he advised the defendant of his need for protection. Doc. 3 at 2-3.

On July 7, 2016, the plaintiff filed a motion for emergency injunction, which the court construed as a motion for preliminary injunction, seeking a transfer from Ventress

and preclusion of his placement in general population at Ventress pending his transfer to another facility. Doc. 7. The court directed the defendant to show cause why the motion for preliminary injunction should not be granted. Doc. 8. In response to this order, the defendant submitted an "Inmate Details" sheet and an affidavit which establish that correctional officials transferred Walker from Ventress on July 18, 2016. Doc.15-1 at 3; Doc. 19-1.[1] The defendant therefore argues that the motion for preliminary injunction is moot since Walker has received the relief requested in the motion.

## II. STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Walker demonstrates each of the following prerequisites: "(1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunctive relief may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest." *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (1998); *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber & Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, [a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to the four requisites." *McDonald's*, 147 F.3d at 1306 (internal

---

[1] Walker is now incarcerated at the Fountain Correctional Center.

quotations omitted); *All Care Nursing Serv., Inc. v. Bethesda Mem. Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (holding that grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion on each of the prerequisites).

## III. DISCUSSION

The defendant's response establishes that Walker has been transferred from Ventress, the precise relief sought in the motion for preliminary injunction. Based on the foregoing, the court finds that the second factor necessary for preliminary injunctive relief—a substantial threat that Walker will suffer the requisite irreparable injury absent issuance of a preliminary injunction—does not now exist. In light of the foregoing, the undersigned concludes that the motion for preliminary injunction is moot because Walker has received the requested relief in the form of his transfer from Ventress to another facility.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff be DENIED as moot.

2. This case be referred back the undersigned for additional proceedings.

It is further ORDERED that on or before August 23, 2016 the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous,

conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982).

    DONE this 2nd day of August, 2016.


                                    /s/ Gray M. Borden
                          UNITED STATES MAGISTRATE JUDGE