IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JUSTIN WALKER, #266108, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:16-CV-528-WKW |
| | ) [WO] |
| KARLA JONES, et al., | ) |
| | ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Justin Walker, an indigent state inmate, challenging actions which occurred during a prior term of incarceration at the Ventress Correctional Facility. Specifically, Walker alleges that the defendants—Karla Jones, the warden of Ventress, and Jefferson Dunn, the Commissioner of the Alabama Department of Corrections—failed to protect him from an attack by other inmates on May 12, 2016.[1]

Pursuant to the orders of this court, the defendants filed a special report supported by relevant evidentiary materials, including affidavits and prison records, in which they address the claim for relief presented by Walker. The report and evidentiary materials refute the self-serving, conclusory allegations presented by Walker. Specifically, the documented evidence demonstrates that the defendants did not act with deliberate indifference to Walker's safety. The incident report, inmate movement history, relevant

---

[1] The documents filed by the defendants indicate that Walker identified the main perpetrator of the attack as inmate Gene Hood.

records from plaintiff's inmate file, and affidavits demonstrate that the defendants had no knowledge of any impending risk of harm, substantial or otherwise, to Walker. *See Johnson v. Boyd*, 568 F. App'x 719, 721 (11th Cir. 2014) (holding that an inmate-plaintiff must first demonstrate an objectively substantial risk of serious harm existed from the attacker and "that the defendant[s] disregarded that known risk by failing to respond to it in an objectively reasonable manner").

The court issued an order directing Walker to file a response to the defendants' written report. Doc. 29. This order advised Walker that his failure to respond to the report filed by the defendants would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." Doc. 29 at 1. Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. Doc. 29 at 1. The time for Walker to file a response to the defendants' special report expired on July 25, 2017. As of the present date, Walker has not filed any response. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a measure less drastic than dismissal is appropriate. *See Abreu-Velez v. Bd. of Regents of Univ. System of Ga.*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After this review, the court finds that dismissal of this case is the proper course of action. Initially, the court notes that Walker is an indigent individual and the imposition of monetary or other punitive sanctions against him would be ineffectual. Moreover, Walker's inaction in the face of the defendants'

2

report and evidence suggests a loss of interest in the continued prosecution of this case. Finally, the undisputed evidentiary materials submitted by the defendants demonstrate that no violation of the Constitution occurred—that is, that the defendants did not act with deliberate indifference to Walker's safety. It therefore appears that any additional effort by this court to secure Walker's compliance would be unavailing and a waste of this court's scarce resources. Consequently, the court concludes that Walker's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, dismissal for failure to obey a court order is not an abuse of discretion where a litigant has been forewarned).

For these reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

It is further ORDERED that on or before **August 18, 2017** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or

adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 4th day of August, 2017.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE